UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL DEEM,                                                                                   18-CV-6186 (NSR)(PED)

                              Plaintiff,                               **MEMORANDUM OF LAW**
                                                         **IN SUPPORT OF PLAINTIFF'S**
        v.                                                                                                  **EMERGENCY *EX PARTE***
                                                                 **ORDER TO SHOW CAUSE**

LORNA DIMELLA-DEEM, ROBERT J. FILEWICH, PHD,
ANGELINA YOUNG, ROLLIN AURELIEN,
ROBIN D. CARTON, ESQ., FAITH G. MILLER, ESQ.,
ANGELA DIMELLA, JANE DOE and
HON. ARLENE GORDON-OLIVER, F.C.J.,

                              Defendants.
------------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S EMERGENCY *EX PARTE* ORDER TO SHOW CAUSE


                                                                Michael Deem, *Pro Se*
                                                                 Plaintiff
                                                                 26 Keystone Road
                                                                 Yonkers, NY 10710
                                                                914-482-3867

Plaintiff Michael Deem, *pro se*, respectfully submits this memorandum of law in support of his motion, brought by an *ex parte* emergency order to show cause, for an order directing the U.S. Marshals Service to obtain Plaintiff's and Defendant DiMella-Deem's complete individual and joint marriage counseling and mental health file currently in possession of Defendant Robert J. Filewich, PhD, and deposit it with the Court, until further order of the Court, pursuant to F.R.C.P. 26(d), 4 and 70.

## PRELIMINARY STATEMENT

Plaintiff alleges in his verified complaint that the defendants made affirmative misrepresentations regarding, *inter alia*, Plaintiff's mental health and a confirmed diagnosis of Paranoid Personality Disorder in the underlying proceedings and investigation by Child Protective Services. The file Plaintiff now seeks to have deposited in the care and custody of the Court will be invaluable to prove his allegations and rebut the Defendants' allegations that they did not make affirmative misrepresentations.

Plaintiff does not ask the Court to decide now whether any document within the file should be released to him. Plaintiff will make that argument at the appropriate time after all parties have appeared.

## STATEMENT OF FACTS RELEVANT TO THE MOTION

Plaintiff respectfully refers the Court to the verified complaint for a full recitation of the facts. For the purposes of this motion the key fact is that Defendant Robert J. Filewich, PhD, Plaintiff's former marriage counselor, admitted to making affirmative misrepresentations to Defendant Angelina Young and Defendant Faith G. Miller, Esq., knowing that they were a caseworker and Attorney for the Children, respectively, investigating Defendant DiMella-

2

Deem's allegations that Plaintiff suffered from mental illness, specifically Paranoid Personality Disorder. Dr. Filewich also knew that the purpose of the investigation touched on the best interests of Plaintiff's and Mrs. Deem's children, and temporary and permanent custody of the children.

On information and belief, Dr. Filewich refused to release the entire file because he knew that it contained information that was beneficial to Plaintiff and detrimental to Mrs. Deem. In light of the above, Dr. Filewich now has reason to alter or destroy the file because he is no longer a disinterested third party, he is a defendant. And, on the verified complaint, has demonstrated himself to lack truth and veracity.

Use of the U.S. Marshalls Service will ensure that Plaintiff does not have the opportunity to view confidential mental health records without approval from the Court and without the parties having an opportunity to be heard on their discoverability. The U.S. Marshalls Service is also far more likely to obtain the documents at issue without incident.

## ARGUMENT

When considering whether to grant a motion for expedited discovery pursuant to F.R.C.P. 26(d) prior to the F.R.C.P. 26(f) conference, courts apply a "flexible standard of reasonableness and good cause." *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. Jan. 30, 2012) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005). "Courts in this district have found "good cause" for expedited discovery to determine the identity of John Doe defendants where the plaintiff has stated a prima facie case and is unable to identify defendants without a court-ordered subpoena." *Admarketplace, Inc. v. Tee Support, Inc.*, 13-CV-5635 (LGS) (S.D.N.Y. Sept. 11, 2013).

Courts in this district have also granted leave for limited expedited discovery on showing there is a risk that documents would be destroyed. *See Treppel v. Biovail Corp.*, 233 F.R.D. 363, 371 (S.D.N.Y. 2006). Here, as in *Treppel*, the risk of destruction of records is palpable.

Moreover, Plaintiff does not even seek to obtain the documents at bar. The use of the term "discovery" is a bit of a misnomer. Plaintiff merely seeks to have the essential documents placed in custody of the Court for safekeeping. His request is eminently reasonable.

Finally, F.R.C.P. 4 and 70 clearly govern use of the U.S. Marshals Service in serving the requested Order, as well as seizing and delivering to the Court the requested documents.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that its motion for an Order directing the U.S. Marshals Service to obtain and deliver to the Court any document regarding individual and joint marriage counseling and mental health records for Plaintiff and Defendant DiMella-Deem currently in the possession or control of Dr. Filewich be granted, and for such further relief as the Court deems proper.

Dated: Yonkers, New York
July 13, 2018

_Michael Deem_
Michael Deem, *Pro Se*
Plaintiff