USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/24/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL DEEM,

                Plaintiff,

        -against-

LORNA DiMELLA-DEEM; ROBERT J.
FILEWICH, PhD; ANGELINA YOUNG;
ROLLIN AURELIEN; ROBIN D. CARTON,
ESQ.; FAITH G. MILLER, ESQ.; ANGELA
DiMELLA; JANE DOE; HON. ARLENE
GORDON-OLIVER, F.C.J.,

                Defendants.

18-CV-6186 (NSR)

ORDER OF DISMISSAL

NELSON S. ROMÁN, United States District Judge:

Plaintiff, an attorney who is proceeding *pro se*,[1] brings this action asserting federal

constitutional claims under 42 U.S.C. § 1983, conspiracy claims under 42 U.S.C. § 1985, as well

as supplemental state-law claims.[2] Plaintiff has paid the relevant fees to commence this action

and the Clerk of Court has issued a summons.

Plaintiff sues: (1) Lorna DiMella-Deem, his wife, (2) Robert J. Filewich, PhD, his and his

wife's marriage counselor and mental health practitioner, (3) Angelina Young, a caseworker

employed by the Westchester County Department of Social Services, (4) Rollin Aurelien, a

senior caseworker employed by the Rockland County Department of Social Services, (5) Robin

---

[1] The Court notes that Plaintiff is suspended from practicing law in this Court. *In re:
Michael Deem*, No. M-2-238 (S.D.N.Y. June 17, 2016). The Court further notes that Plaintiff
does not mention anywhere in his original complaint or amended complaint that he is an attorney
or that he is suspended from practicing law in this Court. Plaintiff's amended complaint (ECF
No. 15) is the operative pleading for this action.

[2] Plaintiff has consented to electronic service of Court documents. (ECF No. 3.) He has
also filed a motion for electronic filing privileges. (ECF No. 7.)

D. Carton, Esq., his wife's attorney, (6) Faith G. Miller, Esq., an attorney appointed by the Family Court, Westchester County, to represent his and his wife's children ("the children") during a proceeding in that court, (7) Angela DiMella, his sister-in-law, (8) an unidentified "Jane Doe" defendant who allegedly filed a child neglect report regarding the children (ECF No. 15, ¶ 40) at the behest of DiMella-Deem (*id.* ¶ 41), and has been allegedly "acting in concert with the other defendants and in furtherance of the conspiracy against Plaintiff" (*id.* ¶ 12), and (9) Arlene Gordon-Oliver, a Westchester County Family Court Judge who, at one point, presided over a proceeding regarding the children and has made interim decisions regarding them, Plaintiff, and DiMella-Deem.

In his amended complaint, Plaintiff seeks damages, as well as unspecified declaratory and injunctive relief. Plaintiff has also filed an "Emergency *ex parte* order to show cause" in which he asks the Court to direct Filewich (the marriage counselor and mental health practitioner) to "surrender any individual or joint document regarding marriage counseling or mental health treatment for Plaintiff [and his wife]" to the United States Marshals Service. (ECF No. 4.) For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, or portion thereof, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam), or that the Court lacks subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Normally, a district court must afford special solicitude to a *pro se* litigant; this special solicitude includes "liberal construction of pleadings, motion papers, and appellate briefs," as well as "relaxation of the limitations on the amendment of pleadings." *Tracy v.*

*Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). But "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented. The ultimate extension of this reasoning is that a lawyer representing himself ordinarily receives no such solicitude at all." *Id.* (citation omitted).

## BACKGROUND

Plaintiff alleges that in 2017, he came to believe that his wife, DiMella-Deem, was having sex with many other people. He alleges that despite her initial denials of his accusations and her claims that he was mentally ill, she eventually admitted to such behavior. Plaintiff's claims arise from the marriage counseling sessions, child neglect investigations, as well as Family Court and divorce proceedings that have allegedly followed.

Plaintiff asserts that all of the defendants have violated his "right to intimate association with his children" and "maliciously abused process against" him. (ECF No. 15, ¶¶ 136, 143.) He also asserts that Judge Gordon-Oliver has violated his right to keep and bear arms. (*Id.* ¶ 138.) He further asserts that all of the defendants have maliciously prosecuted him, as well as violated his rights to (1) due process, (2) a "fair trial/hearing," (3) "parental relations," (4) custody of the children, and (5) equal protection. (*Id.* ¶¶ 140, 145-146, 148-150.) In addition, he alleges that all of the defendants, with the exception of Judge Gordon-Oliver, have illegally seized and detained him, as well as violated his right "to not have false evidence levied against him." (*Id.* ¶¶ 141, 147.) Plaintiff further alleges that all of the defendants conspired against him to violate his federal constitutional rights. (*Id.* ¶ 153.)

## DISCUSSION

**A.    Judge Gordon-Oliver**

The Court must dismiss Plaintiff's claims against Judge Gordon-Oliver. Judges are

absolutely immune from suit for damages with respect to claims under 42 U.S.C. §§ 1983 and

1985 for any actions taken within the scope of their judicial responsibilities. *See Mireles v.*

*Waco*, 502 U.S. 9, 11-12 (1991) (§ 1983); *Turner v. Boyle*, 116 F. Supp. 3d 58, 82 (D. Conn.

2015) ("[A]bsolute immunity extends to all civil suits, including suits brought under Section

1983 and [S]ection 1985."). Generally, "acts arising out of, or related to, individual cases before

[a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009).

"[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This

is because "[w]ithout insulation from liability, judges would be subject to harassment and

intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in

1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission

taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory

decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when a judge takes action outside her judicial capacity,

or when a judge takes action that, although judicial in nature, is taken "in the complete absence

of all jurisdiction." *Mireles* 502 U.S. at 11-12; *see also Bliven,* 579 F.3d at 209-10 (describing

actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed

broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356

(1978). Courts have specifically applied this immunity to Family Court judges. *See Parent v.*

*New York*, 485 F. App'x 500, 504 (2d Cir. 2012) (summary order); *Wrobleski v. Bellevue Hosp.*,

No. 13-CV-8736 (WHP), 2015 WL 585817, at *3 (S.D.N.Y. Jan. 30, 2015); *Koger v. New York*,

No. 13-CV-7969 (PAE), 2014 WL 3767008, at *6 (S.D.N.Y. July 31, 2014), *appeal dismissed*,

No. 15-092 (2d Cir. June 23, 2015); *Pollack v. Nash*, 58 F. Supp. 2d 294, 303 (S.D.N.Y. 1999).

Plaintiff alleges that an application drafted by Young was submitted to Westchester

County Family Court Judge H. Greenwald, who held an *ex parte* proceeding resulting in an

interim order directing Plaintiff to vacate his home and cease all contact with the children. (ECF

No. 15, ¶¶ 72, 74.) Plaintiff asserts that "Judge Gordon-Oliver was present during [the

proceeding before Judge Greenwald] and spoke to [him] about how the matter would be handled

for future court dates." (*Id.* ¶ 75.) Plaintiff also asserts that Judge Gordon-Oliver "failed or

refused to inform [him] of her *ex parte* communications in contravention [of] state law." (*Id.* ¶

76.) The remainder of Plaintiff's claims against Judge Gordon-Oliver are about her interim

decisions to (1) restrict Plaintiff, and later prohibit him, with respect to having contact with the

children, (2) appoint Miller as "Attorney for the Children," (3) hear arguments from an Assistant

County Attorney who had an admitted conflict of interest with Plaintiff, (4) order an

investigation at the suggestion of that Assistant County Attorney, (5) condone a Court Officer's

order to Plaintiff to sit while Plaintiff was addressing the Family Court, while allowing other

parties to stand when doing so, (6) order Plaintiff to surrender all of his firearms to the police,

(7) vacate an order of protection against DiMella-Deem, (8) transfer the "family offense

proceedings" to the New York Supreme Court, Westchester County, where Plaintiff's divorce

proceeding is apparently pending, (9) "put words in the mouth of" Miller "to justify" why Miller

argued against allowing the children to have contact with Plaintiff, (10) deny Plaintiff a hearing

with respect to a previously issued temporary order of protection barring Plaintiff from having

contact with the children, and (11) upon being served with Plaintiff's original complaint in this

action and having recused herself, to extend the abovementioned temporary order of protection

until another Family Court Judge holds a hearing on September 13, 2018. (*See id.* ¶¶ 84, 99, 106-110, 112, 119-121, 127-31.)

It is clear, however, that Judge Gordon-Oliver was well within her authority to make those decisions.[3] Judge Gordon-Oliver is thus immune from suit with respect to Plaintiff's §§ 1983 and 1985 claims against her. The Court therefore dismisses those claims under the doctrine of judicial immunity and because they are frivolous. *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).[4]

---

[3] Plaintiff specifically asserts that Judge Gordon-Oliver granted a petition to transfer the "family offense proceedings" to the New York Supreme Court, Westchester County, "in excess of her jurisdiction." (ECF No. 15, ¶ 112.) He also asserts that Judge Gordon-Oliver was either "in clear absence or in excess of all jurisdiction" when, upon recusing herself, she extended a previously issued temporary order of protection, which prohibited him from having contact with the children, until September 13, 2018, when a hearing is to be held by another Family Court Judge. (*Id.* ¶¶ 129-130.) Judges are immune from claims arising from decisions made in excess of their jurisdiction, as opposed to decisions made in the clear absence of their jurisdiction. *See Stump*, 435 U.S. at 355-57 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)) (footnote omitted). Thus, this Court will not decide whether these decisions were made in error. *See id.* And Plaintiff has alleged no facts showing that Judge Gordon-Oliver was in clear absence in her jurisdiction when she made these decisions. *See Bradley*, 80 U.S. at 351-52 (explaining the difference between being "in excess of" jurisdiction and being "in clear absence of" jurisdiction).

[4] The amendment to § 1983, allowing for injunctive relief against a judge only if a state-court declaratory decree was violated or state-court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive and declaratory relief against Judge Gordon-Oliver. This is so because Plaintiff can always appeal Judge Gordon-Oliver's rulings in the state appellate courts. *See, e.g., Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018). Federal district courts do not supervise the state courts.
    Indeed, to the extent that Plaintiff seeks injunctive and declaratory relief that would cause this Court to intervene in what appear to be Plaintiff's pending state-court child neglect, child custody, and divorce proceedings, this Court is additionally precluded from doing so under the *Younger* abstention doctrine. *See Falco v. Justices of the Matrimonial Parts of the Supreme*

**B.   Domestic relations abstention doctrine**

Under the domestic relations exception, federal courts sitting in diversity do not have

jurisdiction "to issue divorce, alimony and child custody decrees." *Ankenbrandt v. Richards*, 504

U.S. 689, 703 (1992). The exception is narrow, but even in cases where the Court may properly

exercise original subject matter jurisdiction, "[a] federal court presented with matrimonial issues

or issues 'on the verge' of being matrimonial in nature should abstain from exercising

jurisdiction so long as there is no obstacle to their full and fair determination in state courts."

*American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (per curiam); *see Ranney v.*

*Bauza*, No. 10-CV-7519 (RJS), 2011 WL 4056896, at *3 (S.D.N.Y. Aug. 31, 2011)

(distinguishing the narrow domestic relations exception from the broader "*American Airlines*

abstention doctrine" upon which courts in the Second Circuit routinely rely). Applying these

principles, courts in this Circuit have abstained from controversies that, regardless of how a

plaintiff characterizes them, "'begin and end in a domestic dispute.'" *Tait v. Powell*, 241 F.

Supp. 3d 372, 377 (E.D.N.Y. 2017) (quoting *Schottel v. Kutyba*, No. 06-1577-cv, 2009 WL

230106, at *1 (2d Cir. Feb. 2, 2009) (unpublished summary order)).

The Second Circuit has issued nonprecedential decisions that consider the exception in

several contexts. *See Martinez v. Queens Cnty. Dist. Atty.*, 596 F. App'x 10, 12 (2d Cir. 2015)

(summary order) (reasoning that "subject matter jurisdiction may be lacking in actions directed

at challenging the results of domestic relations proceedings," even if parties are not seeking a

custody decree); *Schottel*, 2009 WL 230106, at *1 ("Although we recognize that the domestic

---

*Court of Suffolk Cnty.*, 805 F.3d 425, 427-28 (2d Cir. 2015); *Black v. Raney*, No. 14-CV-9026
(KPF), 2018 WL 2766138, at *13 (S.D.N.Y. June 7, 2018); *see also Bukowski v. Spinner*, 709 F.
App'x 87, 88 (2d Cir. 2018 ) (summary order) (applying *Younger* abstention doctrine to claims
that a parent "suffered various constitutional injuries arising from temporary state-court orders
related to her custody and visitation rights").

relations 'exception is very narrow,' a plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages.") (citation omitted); *Mitchell-Angel v. Cronin*, 101 F.3d 108 (2d Cir. 1996) (unpublished opinion) ("While the domestic relation exception itself is narrow, it applies generally to issues relating to the custody of minors.") (citation omitted). *But see King v. Comm'r & New York City Police Dep't*, 60 F. App'x 873, 875 (2d Cir. 2003) (unpublished summary order) (reasoning that "even under the broadest interpretation of the [domestic relations] exception, it applies only to cases that seek issuance or modification of divorce, alimony, or child custody decrees").

The Court must abstain from exercising jurisdiction over the remainder of Plaintiff's federal claims because Plaintiff presents issues that are, or are on the verge of being, about child custody. Plaintiff's claims arise from the defendants' alleged actions that are associated with, led to, and involve Plaintiff's child neglect, child custody, and divorce proceedings that are apparently pending in a state court. Plaintiff seeks unspecified permanent declaratory and injunctive relief, as well as damages, from Judge Gordon-Oliver, the Family Court Judge who has made interim decisions regarding the children, Plaintiff, and his wife; DiMella-Deem, his wife; Filewich, his and his wife's marriage counselor and mental health practitioner; DiMella, his sister-in-law; Young and Aurelien, the caseworkers assigned to the child neglect and custody dispute; Carton, his wife's attorney; Miller, the attorney assigned by the Family Court to represent the children in the Family Court proceeding; and an unidentified "Jane Doe" defendant who allegedly reported child neglect regarding the children. Thus, it is clear that Plaintiff presents issues that either are, or are on the verge of being, about child custody. And Plaintiff has alleged no facts indicating that there is any "obstacle to [a] full and fair determination [of his child custody issues] in state courts." *American Airlines, Inc*, 905 F.2d at 14. Accordingly, the

Court dismisses the remainder of Plaintiff's federal claims under the abstention doctrine articulated in *American Airlines*.

**C.     State-law claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed the claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over the state-law claims that Plaintiff is asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

The Clerk of Court is directed to note service of this order on the docket. The Court dismisses this action. The Court dismisses Plaintiff's federal claims against Judge Gordon-Oliver under the doctrine of judicial immunity and as frivolous. The Court dismisses the remainder of Plaintiff's federal claims under the abstention doctrine articulated by the Second Circuit in *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (per curiam). The Court declines to exercise supplemental jurisdiction with respect to Plaintiff's state-law claims. 28 U.S.C. § 1367(c)(3). The Court denies all applications and motions as moot. (ECF Nos. 4 & 7.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 24, 2018
         White Plains, New York

NELSON S. ROMAN
United States District Judge