**Lorna M. Deem**
83 Hawthorn Place
Briarcliff Manor, NY 10510
Lorna0012@aol.com
(914) 482-3865

July 23, 2018

**VIA HAND DELIVERED**
**WHITE PLAINS CLERK'S OFFICE**
Honorable Nelson S. Roman
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/18
```

      Re:    United States District Court
               Southern District of New York
               Case # 18 CV 6186

Dear Honorable Sir,

I am sending this on behalf of my sister, Angela DiMella, and myself, respectfully requesting an extension to reply to the above referenced matter.

I, Lorna Deem and my sister Angela DiMella, are two of nine defendants on the complaint brought to your court by my husband Michael Deem. The remaining named defendants are a "Jane Doe" and: my attorney Robin Carton, who is representing me in Supreme Court for my divorce and in Family Court, the court appointed attorney assigned to my children (ages 13 and 11) Faith Miller, the Family Court judge, Hon Arlene Gordon-Oliver, the CPS workers assigned from Westchester and Rockland counties, Angelina Young and Roland Aurelien respectively, and Dr. Filewich the psychologist who Mr. Deem and I consulted and who ultimately diagnosed Mr. Deem.

There is currently a "Stay Away" temporary order of protection against Mr. Deem on behalf of my children and me. The original TOP allowed for supervised visits twice a week. Because of Mr. Deem's inappropriate actions these visits have been suspended and the TOP has been modified as a full "Stay Away".



On or about, October 2017, Mr. Deem was diagnosed, by Dr. Filewich, with Paranoid Personality Disorder. Mr. Deem appears to be refusing to accept or even consider this diagnosis.

Westchester County Child Protective Services was called by an outside party in April. Westchester County CPS came and separately interviewed my children, Mr. Deem and me. The case was transferred to Rockland County because there is a conflict of interest with Mr. Deem and Westchester County, as he worked as a Westchester County Attorney. Rockland County CPS also separately interviewed my children, Mr. Deem and me. In the end, both Westchester County and Rockland County CPS had concerns regarding Mr. Deem's mental health/state and recommended that he seek psychological help and recommended supervised visitation only with the children. Mr. Deem again refused to entertain the idea.

I have been besieged and terrorized by Mr. Deem's obsessive beliefs and seemingly endless attempts to "expose me". I am suffering the very real consequences of his attacks on my family, my character, my livelihood and my reputation. Mr. Deem is a lawyer and he is inundating my counsel and the legal process with irrational complaints and accusations – this situation has depleted my funds. His attacks have left me in a dire financial situation as I have been forced to navigate and respond to the excessive filings in two courts and with this complaint, now a third.

Mr. Deem ignores all suggestions, recommendations and advice to seek mental health support. Mr. Deem states he wants to see his children and again, upon recommendations and advice to seek mental heath support to potentially enable visitations, he still refuses to even consider the possibility.

As you will read in his complaint, Mr. Deem believes and is accusing me of many horrible things. An example of the many humiliating and detrimental attacks, he has written to the CEO and the Executive Chairmen in Japan of the Bank of Tokyo, my previous employer, and accused me of having group sex in conference rooms amongst other things. I had worked as a consultant with Bank of Tokyo for 3 ½ years and was told by the bank (prior to their receipt of the letters) and had every reason to believe that my contract would be renewed or I would have an offer to convert to a full time employee. My contract expired in May and no offer for extension or employment was made.

I am not yet working full time.

A forensic evaluation has been ordered by the Supreme Court, which required me to pay a $16,000 retainer to the court ordered forensic psychiatrist.

I am in the process of trying to apply for a loan to help pay for my legal bills. I am concerned that I will not be granted the loan since I do not have full time employment at this time.

I am trying desperately to shield my children from this chaos and avoid the possibility of them understanding the true nature and stress of the situation.

Mr. Deem unfortunately cannot/will not see how his actions and attacks are affecting them emotionally and financially.

Mr. Deem has now also begun his attack on my extended family by including my sister in this complaint. Unlike the other named defendants, my sister, Angela DiMella, is not involved with the situation and should not be forced to become an additional victim of his attacks.

I was served with this complaint on July 13, the day before I was going away for 2 weeks. I have been trying to find representation for my sister and me and trying to understand what we are supposed to do and what we can do. One law firm that was recommended has asked me for a $25,000 retainer. My sister and I cannot afford this.

I am therefore respectfully asking the court to please grant us (Lorna Deem & Angela DiMella) an extension to August 31 for the response, in hopes, of allowing us time to find a more realistic/reasonable/affordable representation or understand how we can represent ourselves.

Ultimately, we are hopeful this court will recognize the irrational, unsubstantiated and over-reaching claims of the complaint and thereby dismiss this action minimizing further damages to all involved.

The consideration and courtesies of the court are greatly appreciated.

Respectfully,

Lorna M. Deem

Lorna M. Deem